# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 17-cv-4320

| | |
|---|---|
| JOHN HENRY FOLEY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendant. | **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff John Henry Foley, on behalf of himself and all others similarly situated, files this Class Action Complaint against Equifax Information Services LLC ("Equifax" or "Defendant"). Plaintiff states and alleges as follows:

## NATURE OF THE CASE

1.  This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), against Equifax, a national consumer reporting agency. In violation of the FCRA, Equifax prepares and furnishes consumer reports that include tax liens that: (a) the FCRA prohibits Equifax from reporting; and (b) that have been paid in full, satisfied or cancelled, but are not reported by Defendant as paid, satisfied or cancelled.

## PARTIES

2.      Plaintiff John Henry Foley is an adult individual residing in Clear Lake, Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.      Defendant Equifax is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Minnesota, has substantial contacts in this District, and is headquartered at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

## JURISDICTION & VENUE

4.      The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.      Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7.      Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Minnesota.

8.      Defendant is regulated by the FCRA.

9.      Upon information and belief, for several years Defendant has obtained its information about Minnesota and federal bankruptcies, civil judgments and tax liens (*i.e.*

"public records" information) from private businesses that it calls "vendors," which furnish such information to national CRAs.

10. Equifax itself has not retrieved actual public records from courthouses or actual government offices for many years.

11. Nevertheless, on its credit reports that it provides to consumers, Equifax falsely still lists the names of courthouses or other government offices as the true "source" of its tax lien information.

12. The tax lien information that Equifax receives from its vendors are not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all the information or the most up-to-date information available at the actual courthouses or government offices where the true records are housed.

13. Equifax knows that both it and its public records vendors make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

14. Equifax thus routinely fails to report accurate information about Minnesota tax liens, including the most up-to-date status.

15. Defendant's practices and procedures regarding the reporting of public record information, specifically its failure to report the most up-to-date status of tax liens which have been paid, cancelled, satisfied, or otherwise modified, causes widespread harm to Minnesota consumers.

16. Class representative John Henry Foley had a series of tax liens entered against him and recorded on the public record in the State of Minnesota.

17. In or around January of 2017, Mr. Foley completed an Offer in Compromise agreement with the Internal Revenue Service ("IRS"), and the federal tax liens were released.

18. In or around July 2017, Mr. Foley applied for an auto loan with Sherburne State Bank.

19. On or about July 5, 2017, Equifax sold Sherburne State Bank a copy of Mr. Foley's Equifax credit report.

20. The report inaccurately stated that Mr. Foley had an outstanding federal tax lien in the amount of $999,000.

21. Despite the lien release being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the tax lien had been released.

22. The other two major CRAs, Experian Information Solutions, Inc. and Trans Union, LLC, correctly reported that Mr. Foley had no unpaid tax liens.

23. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in section 1681e(b) of the FCRA.

25. Upon information and belief, Equifax's collecting and reporting the initial entry of tax liens is believed to be of greater economic value than collecting and reporting information indicating that a tax lien has been satisfied or released.

26. The reporting of Mr. Foley's tax lien by Equifax was inaccurate and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Foley's consumer report. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all updates to public records, such as the satisfactions and releases or cancellations of tax liens that it follows to obtain the original public record information.

27. Indeed, Equifax follows no procedure which assures that, every time a tax lien in Minnesota is paid, satisfied, released or cancelled, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the tax lien is removed from that consumer's credit file.

28. Instead, Equifax continues to report the tax lien information that it originally received through its vendors. In Plaintiff's case, Equifax did not request, receive or report any updated information as to the status of the federal tax lien in 2017, despite the fact that the public record showed the accurate disposition as released.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## **CLASS ACTION ALLEGATIONS**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

31. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> *All natural persons who: (i) had a tax lien recorded in the State of Minnesota, (ii) the public record appeared on an Equifax consumer report dated within five years prior to the filing of this Complaint, and (iii) the State of Minnesota tax lien indicated that the lien had been paid, satisfied, released, or cancelled on a date prior to the date of the Equifax consumer report.*

32. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

33. **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

34. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the Minnesota tax lien information it reported.

35. **Typicality. FED. R. CIV. P. 23(A)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

36. **Adequacy. FED. R. CIV. P. 23(A)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

37. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing

the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I.

38. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

39. The above mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

40. Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the Class members.

41. Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorney's fees and costs; and

e. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated this 20th day of September, 2017.

> By: s/Thomas J. Lyons
> Thomas J. Lyons, Esq.
> Attorney I.D. #:  65699
> **LYONS LAW FIRM P.A.**
> 367 Commerce Court
> Vadnais Heights, MN 55127
> Telephone: 651-770-9707
> Email: tlyons@lyonslawfirm.com
>
> James A. Francis*
> Email: jfrancis@consumerlawfirm.com
> John Soumilas*

Email: jsoumilas@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, Pennsylvania 19110
Telephone: 215.735.8600
Facsimile: 215.940.8000
*\*Pro hac vice* applications forthcoming

*Attorneys for Plaintiff*